**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:17-cv-2298_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

The Hertz Corporation,

    Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991 against Defendant The Hertz Corporation ("Hertz") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Norman Newton who Hertz adversely affected by such practices. As stated with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Hertz denied employment opportunities to Norman Newton because of Mr. Newton's disability and/or because Defendant regarded Mr. Newton as having a disability. The EEOC further alleges that Defendant Hertz discriminated against Mr. Newton by failing to hire him because of the need to make a reasonable accommodation because of his disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3), 42 U.S.C. §2000e-5(f)(1), (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1), (3), 42 U.S.C. § 2000e-5(f)(1), (3).

4.      Defendant Hertz, a Delaware corporation, is registered to do business in the State of Colorado and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Hertz has continuously been doing business in the State of Colorado.

6.      At all relevant times, Defendant Hertz has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which

incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendant Hertz has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **GENERAL ALLEGATIONS**

**I.   Conditions Precedent**

8. More than thirty days prior to the institution of this lawsuit, Norman Newton filed a charge of discrimination with the EEOC alleging violations of the ADA by Defendant Hertz.

9. The EEOC provided Defendant Hertz with notice of the charge of discrimination.

10. The EEOC investigated the charge of discrimination.

11. Based on evidence obtained during the investigation, the EEOC issued a determination finding reasonable cause to believe that Defendant Hertz engaged in certain unlawful employment practices identified in the determination.

12. The EEOC's determination included an invitation for Defendant Hertz to join the Commission in informal methods of conciliation in an attempt to eliminate the alleged unlawful employment practices.

13. The EEOC and Defendant Hertz were unable to reach an agreement through the conciliation process.

14. The EEOC sent notice to Defendant Hertz that conciliation efforts had failed.

15. The EEOC fulfilled all conditions precedent to the institution of this lawsuit.

## II. Defendant Hertz.

16. Since at least January 2014, Defendant Hertz engaged in unlawful employment practices in violation of § 102 of Title I and Title V of the ADA, 42 U.S.C. § 12112.

17. Defendant Hertz is a national company with numerous locations throughout the Denver metropolitan area in Colorado.

18. Defendant Hertz's corporate office is in Park Ridge, New Jersey.

## III. General Allegations

19. Norman Newton is a qualified individual with a disability as defined under the ADAAA.

20. Mr. Newton suffered from a stroke in 2011, which resulted in him walking with the assistance of a cane or wheelchair.

21. Mr. Newton's medical conditions substantially limit the major life activities of walking, as well as the operations of major bodily functions of the central nervous system.

22. Upon information and belief, in March 2014, Hertz's corporate office contacted Mr. Newton regarding an open Sales Representative position at their Englewood, Colorado location.

23. On or about April 11, 2014, Mr. Newton interviewed for the Sales Representative position at the Englewood, Colorado location, with Hertz's Sales

Manager, Mr. Derek Zuver.

24. Mr. Newton was qualified for the Sales Representative position for which he interviewed.

25. At the time of the interview, Mr. Newton had over ten years of car sales experience.

26. During the interview, the Sales Manager expressed to Mr. Newton that he had concerns about Mr. Newton's mobility.

27. Mr. Newton assured the Sales Manager that his mobility would not prevent him from fulfilling his job duties.

28. On or about April 25, 2014, Mr. Newton received a voice message from the Sales Manager Zuver who stated that Mr. Newton was one of the top applicants.

29. The Sales Manager Zuver also stated, however, that he decided to hire two other candidates instead of Mr. Newton.

30. Hertz hired Ms. Layla Ocasio instead of Mr. Newton.

31. Ms. Ocasio did not possess any car sales experience at the time Defendant Hertz hired her.

32. Hertz also hired Mr. Tad Francis instead of Mr. Newton.

33. Mr. Francis possessed three and one half years of experience at the time Defendant Hertz hired him.

34. Defendant Hertz did not initiate or engage with Mr. Newton in any interactive process to identify any precise limitations resulting from his disability and any potential accommodations for any limitations, if necessary.

35. Any reasonable accommodations needed by Mr. Newton would not have imposed an undue hardship on the operation of Defendant Hertz's business.

**CLAIMS FOR RELIEF**
**(Disparate Treatment Based on Disability and/ or the Need to Provide Accommodation)**
**42 .S.C. §§ 12112(a) and (b)(5)(B))**

36. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

37. Defendant denied Mr. Newton employment opportunities because of his disability, and/or because it regarded him as disabled, and/or because of the need to provide reasonable accommodation for their disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

38. Defendant took adverse actions against Mr. Newton by refusing to hire Mr. Newton because of his disability, and/or because it regarded him as disabled, and/or because of the need to provide reasonable accommodation for his disability.

39. Defendant's discriminatory treatment of Mr. Newton was done with malice or reckless indifference to his federally protected rights.

40. The effect of the practices complained of in the foregoing paragraphs has been to deprive Mr. Newton of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

41. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Hertz, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees because of a disability.

B. Order Defendant Hertz to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Hertz to make whole Mr. Newton by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Mr. Newton, or front pay in lieu thereof.

D. Order Defendant Hertz to make whole Mr. Newton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Hertz to make whole Mr. Newton by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of credit standing, and stress, in amounts to be determined at trial.

F.      Order Defendant Hertz to pay Mr. Newton punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G.      Grant such further relief as this Court deems necessary and proper.

H.      Award the EEOC its costs of this action.

RESPECTFULLY SUBMITTED this 22nd day of September, 2017.

MARY JO O'NEILL
Regional Attorney

LORETTA MEDINA
Supervisory Trial Attorney

*/s/ Karl Tetzlaff*
KARL R. TETZLAFF
Trial Attorney
E-mail: Karl.Tetzlaff@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 17th Ave., Suite 410
Denver, CO 80203
(303) 866-1378

Attorneys for Plaintiff